## 14585.  ANDERSON *v.* THE STATE.

A conviction of violation of the prohibition law by possessing intoxicating liquor was authorized in this case.

The alleged newly discovered evidence, that upon a test of the liquor in question, after the trial, it would not burn, did not require a new trial.

DECIDED JULY 10, 1923.

Indictment for possession of liquor; from McIntosh superior court — Judge Sheppard.   March 28, 1923.

*Tyson & Tyson,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

LUKE, J.   The defendant was convicted of violating the prohibition statute.   The evidence authorized the conviction.   It was positive as to his guilt.   One of the witnesses testified: " I found therein, in Steve Anderson's house, a two-quart jar about two thirds full of moonshine whisky, and this whisky was found by me in the kitchen near the stove and it was hot enough to have just been taken off the stove.   The stove was then hot."   Another witness testified that he was on the outside and at the back of the house, and that while standing there, " close up to his back fence, some one threw a lard can, one third full of hot mash, on me, over the fence."   The jar of liquor was introduced in evidence.   The defendant himself stated that the liquor in the jar had been procured by him for whisky, in obedience to a suggestion from a doctor that he should keep some for his wife, who was sick; and in this way he accounted for having what he termed to be whisky in the jar.

The ground of the motion for a new trial presenting alleged newly discovered evidence, to the effect that, after the trial, persons in the court-room undertook to burn the liquid in the jar and found that it would not burn, is not sufficient to authorize a new trial.   It was not error for the court to overrule the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*